# EXHIBIT A

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE:  CONTRACT |

| TITAN ENERGY SYSTEMS, INC. D/B/A/ PIONEER CRITICAL POWER, | CASE NO.: |
|---|---|
| PLAINTIFF, V. | Complaint |
| POWERSECURE, INC., | Jury Trial Demanded |
| DEFENDANT. | |

1.      Plaintiff Titan Energy Systems, Inc. d/b/a Pioneer Critical Power ("Pioneer") brings this action against PowerSecure, Inc. ("PowerSecure") for breach of contract, unjust enrichment, and tortious interference with prospective economic advantage.

2.      Pioneer and PowerSecure are competitors in selling and servicing power generation equipment.

3.      In 2016, Pioneer hired PowerSecure as a subcontractor to provide generator service for over one-hundred retail stores owned by Target Corporation ("Target") in geographic locations where Pioneer did not have employees.

4.      To accomplish this, Pioneer and PowerSecure executed a vendor agreement (the "Vendor Agreement") that included an attached Non-Compete and Non-Disclosure Agreement (the "Non-Compete").

5.      In the Non-Compete, PowerSecure agreed that "during the term of Work with [Target] and for two (2) years after the termination thereof . . . [PowerSecure] will not, directly or indirectly, solicit or attempt to solicit generator business from [Target]."

6.      Nonetheless, upon information and belief, PowerSecure used its position as subcontractor to cultivate a relationship with Target and solicit Target's generator service business in violation of the Non-Compete.

7.      Upon information and belief, PowerSecure has to-date wrongfully expropriated the generator service business for at least 135 Target stores for a five-year term from 2020 through 2025.

8.      Pioneer brings this action to recoup the hundreds of thousands of dollars it has lost as a direct result of PowerSecure's willful misconduct.

### PARTIES AND JURISDICTION

9.      Plaintiff Pioneer Critical Power is located in Hennepin County at 8900 109th Ave N., #800, Champlin, Minnesota 55316. Pioneer is a wholly-owned subsidiary of Pioneer Power Solutions, Inc., which manufactures, sells, and services a broad range of specialty electrical transmission, distribution, and on-site power generation equipment.

10.     Defendant PowerSecure, Inc.'s principal place of business is located at 4068 Stirrup Creek Drive, Durham, North Carolina 27703. PowerSecure Inc. is a successor by merger to PowerSecure Service, Inc., which was formerly named Power Pro-Tech Services, Inc. The Vendor Agreement and Non-Compete were executed with Power Pro-Tech Services, Inc. For simplicity, this Complaint refers to Defendant PowerSecure, Inc. and its predecessors—including Power Pro-Tech Services, Inc.—as PowerSecure.

11.     PowerSecure is a subsidiary of Southern Company, a nationwide gas and electric utility holding company headquartered in Atlanta, Georgia. As of 2021, Southern Company was the second largest utility company in the United States.

12.     This Court has personal jurisdiction over PowerSecure and venue in Hennepin County is proper because the Non-Compete states that "[t]he federal and state courts within Hennepin County shall have exclusive jurisdiction to adjudicate any and all disputes arising out of this Agreement."

13.     Hennepin County is also a proper venue under Minn. Stat. § 542.09 because Plaintiff resides there and Target is headquartered there. Accordingly, "the cause of action or some part thereof arose" in Hennepin County.

### GENERAL ALLEGATIONS

14.     Target operates retail stores throughout the United States. Each store typically has one or more back-up generators, which require periodic service. Historically, Target has awarded service contracts for these generators through a large bidding process every three to five years.

15.     Rather than using a different vendor for each store, Target generally awards the generator service work for large groups of stores to each of a small group of vendors. If a vendor is awarded work at stores located in areas where the vendor does not have employees, the vendor can utilize subcontractors as needed.

16.     In May 2016, Pioneer secured a three-year contract with Target to service generators at hundreds of Target stores located throughout the United States. The contract's geographic breadth required Pioneer to utilize

3

subcontractors to service stores in locations where Pioneer did not have employees.

17.     One of the subcontractors Pioneer hired was PowerSecure. Shortly after securing the Target business, Pioneer and PowerSecure executed the Vendor Agreement, which was originally drafted to expire in May 2019, but was later extended through March 4, 2020.

18.     To protect Pioneer's legitimate interest in preserving its relationship with Target, the Vendor Agreement attached the Non-Compete, in which PowerSecure agreed that "during the term of Work with [Target] and for two (2) years after the termination thereof . . . [PowerSecure] will not, directly or indirectly, solicit or attempt to solicit generator business from [Target]."[1]

19.     The Non-Compete also states that it "shall be governed by the laws of the State of Minnesota without giving effect to its choice of law rules."

20.     The Non-Compete was needed because Pioneer knew that PowerSecure would have direct access to hundreds of Target stores and would be the "face" of generator service to those stores.

21.     Indeed, the Non-Compete explicitly acknowledges that "[PowerSecure's] work for [Pioneer] will bring [PowerSecure] into close contact with many of [Pioneer's] Customers, Customer Prospects, . . . Trade Secrets, and Confidential Information" and that the Non-Compete's covenants "are reasonable and necessary to protect [Pioneer's] legitimate business interests."

---

[1] Due to the Non-Compete's confidentiality provisions, Pioneer has not attached it to this Complaint, but has instead described or quoted only those portions necessary to enforce its terms.

22.     The Non-Compete—and its two-year tail—ensured that a subcontractor would have to sit out at least one of Target's multi-year bid cycles before bidding against Pioneer.

23.     The Non-Compete also requires PowerSecure to "to keep in strictest confidence and not use for itself or disclose to any third party any Confidential Information disclosed by [Pioneer] to it during the course of their dealings with each other."

24.     "Confidential Information" is defined to include technical data, product plans, products, services, customers, markets, processes, business outlook, revenue, pricing, billing rates, agreements with third parties, marketing, or financial information.

25.     In an arm's length transaction, PowerSecure agreed to accept the subcontractor work, knowing that it meant having to abide by the Non-Compete.

26.     On March 5, 2020, Pioneer renewed its contract with Target for three years and later extended the contract through March 4, 2025.

27.     Upon information and belief, and unbeknownst to Pioneer, PowerSecure used its position as subcontractor to solicit Target's generator service business directly. Upon information and belief, PowerSecure did this before the Vendor Agreement expired and before the Non-Compete's two-year tail even began.

28.     Around March 2020, shortly after Pioneer had extended its contract with Target, Pioneer learned that the new contract did not include at least 135 Target stores included in its previous contract with Target. PowerSecure had acted as subcontractor for each of these 135 stores.

29.     Upon information and belief, Target has awarded PowerSecure a five-year contract to provide generator repair and maintenance services to these stores—and possibly others—from 2020 through 2025. PowerSecure's willful misconduct has directly caused Pioneer to lose hundreds of thousands of dollars in profit, if not more.

### FIRST CLAIM FOR RELIEF
### Breach of Contract

30.     Pioneer realleges and incorporates by reference each of the previous allegations.

31.     The Vendor Agreement and accompanying Non-Compete constitute binding contracts between Pioneer and PowerSecure.

32.     PowerSecure breached the provisions of the Non-Compete by soliciting generator servicing business from Target during the term of the Non-Compete and, upon information and belief, by using Pioneer's Confidential Information in the process.

33.     PowerSecure's breaches damaged Pioneer in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### Unjust Enrichment

34.     Pioneer realleges and incorporates by reference each of the previous allegations.

35.     Alternatively, PowerSecure knowingly obtained a benefit by developing a relationship with Target that PowerSecure used to secure generator service and/or maintenance contracts for at least 135 Target stores for a five-year term.

36.     PowerSecure is not entitled to and, under the circumstances, it would be unjust for PowerSecure to retain this benefit.

37.     Pioneer is entitled to recoup the value of this benefit in an amount to be proven at trial.

THIRD CLAIM FOR RELIEF
**Tortious Interference with Prospective Economic Advantage**

38.     Pioneer realleges and incorporates by reference each of the previous allegations.

39.     Pioneer's history of securing generator service contracts with Target gave Pioneer a reasonable expectation of economic advantage.

40.     PowerSecure knew of Pioneer's expectation of prospective economic advantage.

41.     PowerSecure intentionally interfered with Pioneer's reasonable expectation of economic advantage by using its role as Pioneer's subcontractor to build a relationship with Target and gain confidential information relating to Pioneer's relationship with Target and soliciting Target's generator service business for 135 stores previously awarded to Pioneer.

42.     PowerSecure's interference was improper because, among other reasons, PowerSecure had induced Pioneer to hire it as a subcontractor by promising to refrain from soliciting Target.

43.     PowerSecure's interference was further improper because its solicitation of Target constituted a breach of PowerSecure's agreement with Pioneer. Upon information and belief, in soliciting Target, PowerSecure also utilized Confidential Information about Pioneer, Pioneer's customers, and

Filed in District Court
State of Minnesota
5/26/2023 4:11 PM

Pioneer's pricing that PowerSecure obtained through its work as Pioneer's subcontractor.

44.     PowerSecure's conduct damaged Pioneer in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. Against Defendant and in favor of Plaintiff for the amount of damages sustained as a result of Defendant's breach of contract, unjust enrichment, and tortious interference with prospective economic advantage;

B. Awarding Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, costs, expenses, and interest; and

C. Granting such other and further relief as the Court deems just.


Dated: May 26, 2023                **ROBINS KAPLAN LLP**


                                   By: /s/ Thomas F. Berndt___
                                        Thomas F. Berndt (0389080)
                                        800 LaSalle Ave.
                                        Suite 2800
                                        Minneapolis, MN 55402
                                        Phone: 612.349.8500
                                        Fax: 612.339.4181
                                        tberndt@robinskaplan.com


                                   *Attorneys for Pioneer Critical Power*

Filed in District Court
State of Minnesota
5/26/2023 4:11 PM

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that sanctions may be imposed

under Minn. Stat. § 549.211.

By:/s/ Thomas F. Berndt___
Thomas F. Berndt (0389080)

| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: CONTRACT |

| TITAN ENERGY SYSTEMS, INC. D/B/A/ PIONEER CRITICAL POWER, | CASE NO.: |
| PLAINTIFF, | **Summons** |
| V. | |
| POWERSECURE, INC., | |
| DEFENDANT. | |

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT:

1.      YOU ARE BEING SUED.  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.      YOU MUST REPLY WITHIN TWENTY-ONE (21) DAYS TO PROTECT YOUR RIGHTS.  You must give or mail to the person who signed this Summons a written response called an Answer within

twenty-one (21) days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Robins Kaplan LLP, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, Minnesota 55402-2015.

3.      YOU MUST RESPOND TO EACH CLAIM.  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.      YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.  If you do not Answer within twenty-one (21) days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.

5.      LEGAL ASSISTANCE.  You may wish to get legal help from

a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.     ALTERNATIVE DISPUTE RESOLUTION.  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:  May 26, 2023                    **ROBINS KAPLAN LLP**

By:  s/Thomas F. Berndt
Thomas F. Berndt (0389080)
800 LaSalle Ave.
Suite 2800
Minneapolis, MN 55402
Phone: 612.349.8500
Fax: 612.339.4181
*tberndt@robinskaplan.com*

*Attorneys for Pioneer Critical Power*

# State of Minnesota

# District Court

County of    Hennepin

Judicial District:    Fourth

Court File Number:

Case Type: Contract

Titan Energy Systems, Inc. d/b/a
Pioneer Critical Power
Plaintiff (first, middle, last)

vs.

PowerSecure, Inc.
Defendant (first, middle, last)

Date Case Filed:    5/26/2023

## Civil Cover Sheet
## (Non-Family Case Type)
Minn. Gen. R. Prac. 104

This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal counsel, unless the court orders all parties or their legal counsel to complete this form. Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already been ordered to complete this form may submit their own cover sheet within 7 days after being served with the initial cover sheet. See Rule 104 of the General Rules of Practice for the District Courts.

**If information is not known to the filing party at the time of filing, it shall be provided to the Court Administrator in writing by the filing party within 7 days of learning the information.** Any party impleading additional parties shall provide the same information to the Court Administrator. The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned.

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| Thomas F. Berndt | Unknown |
| Attorney Name (not firm name) | Attorney Name (not firm name) |
| 800 LaSalle Avenue, Suite 2800 | |
| Postal Address | Postal Address |

| | | | | | |
|---|---|---|---|---|---|
| Minneapolis | MN | 55402 | | | |
| City | State | Zip Code | City | State | Zip Code |

| | |
|---|---|
| (612) 349-8500 | |
| Telephone Number | Telephone Number |
| TBerndt@RobinsKaplan.com | |
| E-mail Address | E-mail Address |
| 0389080 | |
| Minnesota Attorney ID Number | Minnesota Attorney ID Number |

PLAINTIFF, Self-represented                    DEFENDANT, Self-represented

NA                                             NA
_____                    _____
Name                                           Name

_____                    _____
Postal Address                                 Postal Address

_____  _____  _____               _____  _____  _____
City              State   Zip Code             City              State   Zip Code

_____                    _____
Telephone Number                               Telephone Number

_____                    _____
E-mail Address                                 E-mail Address

(Attach additional sheets for additional attorneys / parties)

Note: If either Plaintiff or Defendant gets an attorney, the attorney's name, address, telephone number and attorney ID number must be given in writing to the Court Administrator immediately.

1.    Provide a concise statement of the case including facts and legal basis:

      Plaintiff brings this civil action against Defendant to recover for damages caused by
      Defendant's for breach of contract, unjust enrichment, and tortious interference
      with prospective economic advantage.
      _____

      _____

2.    Date Complaint was served:  5/26/2023 _____

3.    For Expedited Litigation Track (ETLT) Pilot Courts only:

      a.   ☐ The parties jointly and voluntarily agree that this case shall be governed by the
              Special Rules of ELT Pilot. Date of agreement: _____

      b.   ☐ The court is requested to consider excluding this case from ELT for the
              following reasons:
              NA
              _____

              _____

              _____

              _____

      Note: ELT is mandatory in certain cases, and where mandatory, exclusion may also be sought by timely motion under the Special Rules for ELT Pilot.

   c.  ☐ Anticipated number of trial witnesses: _____

   d.  ☐ Amount of medical expenses to date: _____

   e.  ☐ Amount of lost wages to date: _____

   f.  ☐ Identify any known subrogation interests: _____

4.   For Complex Cases (See Minn. Gen. R. Prac. 146):

   a.  Is this case a "complex case" as defined in Rule 146? ☐ Yes  ☒ No

   b.  State briefly the reasons for complex case treatment for this case:

     NA _____

   c.  Have the parties filed a "CCP Election" for this case as provided in Rule 146(d)?
     ☐ Yes  ☒ No

5.   Estimated discovery completion within   __4__   months from the date of this form.

6.   Disclosure/discovery of electronically stored information discussed with other party?

   ☒ No  ☐ Yes  Date of discussion: _____

   If yes, list agreements, plans and disputes:

     NA _____

7.   Proposed trial start date:   January 2024 _____

8.   Estimated trial time:   __5__  days  __0__  hours (estimates less than a day must be stated in hours).

9.   Jury trial is:

   ○ waived by consent of _____ pursuant to Minn. R. Civ. P. 38.02.
       (specify party)

   ⊗ requested by  Plaintiff _____ (NOTE: Applicable fee must be enclosed)
       (specify party)

10.  Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested.
    ☐ Yes  ☒ No

11.  Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect):

    None.

12.   Issues in dispute:

   See Complaint.

13.   Case Type/Category: ___Contract___ (NOTE: select case types from the Civil
   Case Type Index found at http://www.mncourts.gov/mncourtsgov/media/scao_library/
   documents/eFile%20Support/Handout-Case-Type-Index.pdf.)

14.   Recommended Alternative Dispute Resolution (ADR) mechanism:   Mediation

   (See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))

   Recommended ADR provider (known as a "neutral") The Court or Court-appointed neutral.

   Recommended ADR completion date:

   If applicable, reasons why ADR not appropriate for this case:

   NA

By signing below, the attorney or party submitting this form certifies that the above information
is true and correct.

Submitted by:

   s/Thomas F. Berndt
Signature

Name: ___Thomas F. Berndt___

Attorney Reg. #: ___0389080___

Firm/Agency Name: __Robins Kaplan LLP__

Street Address: _800 LaSalle Avenue, Suite 2800_

City/State/Zip Code: _Minneapolis, MN 55402(_

Telephone: _612) 349-8500_

Date: _May 26, 2023_

Filed in District Court
State of Minnesota
5/30/2023 1:52 PM

State of Minnesota
Hennepin County

District Court
Fourth Judicial District

**Court File Number: 27-CV-23-8092**

Case Type: Contract

## Notice of Judicial Assignment-
## General Civil Block Cases

FILE COPY

---

**Titan Energy Systems, Inc. d/b/a Pioneer Critical Power vs PowerSecure, Inc.**

Date Case Filed: May 26, 2023
All future papers must include the above file number, name of assigned judge, attorney identification number, and must otherwise conform to format requirements or they will be returned.

This case is assigned the following judicial officer for all further proceedings:

> **District Court Judge Susan Robiner**
> 612-596-8820

**Mailing Address:**  300 South Sixth Street, MC 332, Minneapolis, MN 55487-0332

**Parties**:          If you receive this notice and have obtained an attorney, notify him/her of this assignment immediately.

**Attorneys**:      Only the first listed attorney for a party is being sent this notice.  If you are the attorney receiving this notice, contact all other attorneys representing your party of the judge assignment and requirements.

The filing attorney/party is responsible for notifying all attorneys/parties not listed on the Civil Cover Sheet of the judge assignment and requirements.

Per Supreme Court order, e-filing is mandatory in this case for all attorneys and government agencies. Unrepresented parties are excluded by this order.  Attorneys or government agencies must also e-serve all documents required or permitted to be served on other attorneys or government agencies.  Upon receipt of this notice, attorneys and government agencies shall immediately add their firm/agency's service contact(s) for this case to the e-filing system.  For further information on e-filing, go to: http://www.mncourts.gov/district/4/?page=3953.

All future hearings and trial dates will be scheduled by the courtroom staff.  Check with the Court Display Monitors on the Public Service Level for the location on the day of the hearing.

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute § 542.16.

Failure to timely file any required document or other failure to comply with the General Rules of Practice for the District Courts may result in the impositions of sanctions, including possible dismissal of the case or striking of the Answer.

The Minnesota Supreme Court has adopted time objectives for the disposition of civil cases. The Fourth Judicial District adheres to these objectives which are: 90% of the cases should be disposed of within 12 months, 97% within 18 months, and 99% within 24 months of filing.

Dated: May 30, 2023

Sara Gonsalves
Court Administrator
Hennepin

cc:   PowerSecure, Inc.
       THOMAS FREDERICK BERNDT

## RETURN OF SERVICE

**State of Minnesota**            **County of Hennepin**            **Circuit Court**

Case Number: N/A.

Plaintiff:
**TITAN ENERGY SYSTEMS, INC., D/B/A PIONEER CRITICAL POWER**



KDY2023023428

vs.

Defendant:
**POWERSECURE, INC,.**

For:
ROBINS KAPLAN, LLP
800 LASALLE AVE. STE 2800
MINNEAPOLIS, MN 55402

Received by PLATINUM COURIER SERVICE on the 30th day of May, 2023 at 12:35 pm to be served on **POWERSECURE, INC., 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, JAMES KADY, do hereby affirm that on the **30th day of May, 2023** at **12:57 pm, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** Served the within named business entity by delivering a true copy of **SUMMONS, COMPLAINT and CIVIL COVER SHEET** to: **SHEENA BLACK** as SERVICE LIAISON, an employee of the Registered Agent after confirming the Registered Agent was not in the office or was otherwise unavailable, pursuant to the requirements of Fla. Stat. 48.091, and informed said person of the contents therein, at **1201 HAYS ST., TALLAHASSEE, FL 32301.** on behalf of **POWERSECURE, INC.**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 34, Sex: F, Race/Skin Color: WHITE, Height: 5'4", Weight: 140, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**JAMES KADY**
65

**PLATINUM COURIER SERVICE**
**P.O. BOX 234**
**ROGERS, MN 55374**
**(612) 221-2254**

Our Job Serial Number: KDY-2023023428

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.1z

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: CONTRACT |
| TITAN ENERGY SYSTEMS, INC. D/B/A/ PIONEER CRITICAL POWER,<br><br>PLAINTIFF,<br>V.<br><br>POWERSECURE, INC.,<br><br>DEFENDANT. | CASE NO.:<br><br>**Summons** |

Jules
5/30/2023
12:57PM

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT:

1.      YOU ARE BEING SUED.  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.      YOU MUST REPLY WITHIN TWENTY-ONE (21) DAYS TO PROTECT YOUR RIGHTS.  You must give or mail to the person who signed this Summons a written response called an Answer within

1

twenty-one (21) days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Robins Kaplan LLP, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, Minnesota 55402-2015.

3.      YOU MUST RESPOND TO EACH CLAIM.  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.      YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.  If you do not Answer within twenty-one (21) days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.

5.      LEGAL ASSISTANCE.  You may wish to get legal help from

2

a lawyer. If you do not have a lawyer, the Court Administrator may have

information about places where you can get legal assistance. Even if you

cannot get legal help, you must still provide a written Answer to protect

your rights or you may lose the case.

     6.    ALTERNATIVE DISPUTE RESOLUTION. The parties may

agree to or be ordered to participate in an alternative dispute resolution

process under Rule 114 of the Minnesota General Rules of Practice. You

must still send your written response to the Complaint even if you expect

to use alternative means of resolving this dispute.

Dated: May 26, 2023           **ROBINS KAPLAN LLP**

          By: _s/Thomas F. Berndt_
              Thomas F. Berndt (0389080)
              800 LaSalle Ave.
              Suite 2800
              Minneapolis, MN 55402
              Phone: 612.349.8500
              Fax: 612.339.4181
              _tberndt@robinskaplan.com_

          _Attorneys for Pioneer Critical Power_

**MINNESOTA**
**JUDICIAL BRANCH**
MINNESOTA COURT RECORDS ONLINE (MCRO)

## Case Details (Register of Actions)

Search executed on 06/20/2023 10:24 AM

### Case Information

**Case Number:** 27-CV-23-8092
**Case Title:** Titan Energy Systems, Inc. d/b/a Pioneer Critical Power vs PowerSecure, Inc.
**Case Type:** Contract
**Date Filed:** 05/26/2023
**Case Location:** Hennepin County, Hennepin Civil
**Judicial Officer:** Robiner, Susan
**Case Status:** Open

### Party Information

**Plaintiff**
**Titan Energy Systems, Inc.**
Champlin, MN 55316

**Attorneys Active**
- BERNDT, THOMAS FREDERICK - Lead Attorney

**Defendant**
**PowerSecure, Inc.**
Durham, NC 27703

**Self-Represented Litigant**

### Case Events

| | | | |
|---|---|---|---|
| 06/02/2023 | Affidavit of Service | Index #5 | 4 pages |
| 05/30/2023 | Notice of Case Assignment | Index #4 | 1 page |
| 05/26/2023 | Civil Cover Sheet | Index #3 | 4 pages |
| 05/26/2023 | Summons | Index #2 | 3 pages |
| 05/26/2023 | Complaint-Civil | Index #1 | 9 pages |

### Financial Information

**Plaintiff – Titan Energy Systems, Inc.**

| | | Fines and Fees | $ | 397.00 |
| | | Total Payments and Credits | - $ | 397.00 |
| | | Current Balance as of 06/20/2023 | $ | 0.00 |

**Transaction Details**

| 05/30/2023 | E-File Electronic Payment | Receipt # EP27C-2023-14542 | - $ | 397.00 |
|---|---|---|---|---|
| 05/30/2023 | Charge | | $ | 397.00 |

Search executed on 06/20/2023 10:24 AM